IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAKODIA D. WOOTEN,

     Petitioner,

v.                                                  CASE NO. 4:17-cv-127-RH-GRJ

SECRETARY, FLORIDA DEP'T
OF CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on March 6, 2017, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Because Petitioner's petition and motion for leave to appeal *in forma pauperis* were deficient, the Court ordered Petitioner to file no later than April 19, 2017, an amended petition along with two service copies and to either pay the filing fee or file a motion to proceed as a pauper. (ECF No. 6.) The Court informed Petitioner that failure to comply with the Court's order or to show cause as to why Petitioner is unable to comply may result in the dismissal of this case for failure to prosecute and failure to comply with an order of this court. (*Id.*)

When Petitioner failed to file an amended petition by April 19, 2017,

the Court ordered Petitioner to show cause by May 26, 2017, as to why his petition should not be dismissed. (ECF No. 9.) As of the date of this report and recommendation, Petitioner has failed to comply with the Court's orders to amend his petition.

Petitioner's failure to comply with the Court's orders has the effect of saddling the Court with a stagnant case. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 998 (11th Cir.1983). Moreover, the Local Rules of the Northern District of Florida provide that the Court may dismiss a case if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1.

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Petitioner's failure to comply with the Court's orders amounts not only to a failure to prosecute, but also an abandonment of his case for which dismissal is an appropriate sanction.

Accordingly, it is respectfully **RECOMMENDED** that this case be

dismissed without prejudice for failure to prosecute and failure to comply

with an order of this Court.

**IN CHAMBERS** this 9th day of June 2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.